21-6421
Ni v. Garland

BIA
A099 458 450

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-three.

PRESENT:
    SUSAN L. CARNEY,
    WILLIAM J. NARDINI,
    STEVEN J. MENASHI,
        *Circuit Judges.*
_____

XIAO WEI NI,
        *Petitioner,*

    v.                                                    **21-6421**
                                                          NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONER:** Zhou Wang, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Jennifer A. Singer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Wei Ni, a native and citizen of the People's Republic of China, seeks review of a July 7, 2021, decision of the BIA denying his motion to reopen his removal proceedings. *In re Xiao Wei Ni*, No. A099 458 450 (B.I.A. July 7, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and review factual findings for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). It is undisputed that Ni's 2019 motion to reopen was untimely because he filed it almost two years after his removal order became final in 2017. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day deadline for

motions to reopen); 8 C.F.R. § 1003.2(c)(2) (same).

Ni argued that his former counsel in removal proceedings was ineffective by failing to call two witnesses to testify and that his ineffective assistance claim should excuse the untimely filing of his motion. Ineffective assistance may provide a basis for equitable tolling of the filing period. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). In addition to demonstrating "that competent counsel would have acted otherwise, and . . . that he was prejudiced by his counsel's performance," *Rabiu v. INS*, 41 F.3d 879, 882–83 (2d Cir. 1994) (quotation marks and citations omitted), Ni had to establish that he exercised "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed," *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic*, 435 F.3d at 170 (requiring alien to demonstrate due diligence independent from demonstrating ineffective assistance of former counsel).

The BIA did not err in declining to equitably toll the period for Ni to file his motion because Ni failed to exercise due diligence during the almost two years that passed between the BIA's decision affirming his removal order and his motion

3

to reopen. *See Rashid*, 533 F.3d at 132. In his brief, Ni argues that he waited for the BIA to decide his appeal before filing his motion to reopen in January 2019, but he does not explain what actions he took after the BIA's decision in March 2017. Before the BIA, he argued that he acted diligently between the BIA's 2017 decision and his 2019 motion by complying with the procedural requirements for pursuing an ineffective assistance of counsel claim; however, his evidence supports the BIA's conclusion that he was not diligent because it shows that he complied with those requirements (by preparing an affidavit, informing former counsel of his claim, and filing a judicial complaint) before September 2017, and then waited another year and four months to file his motion. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (holding that petitioner failed to establish due diligence where there was a five-month delay between compliance with the procedural requirements and filing the motion). Because Ni did not allege taking any action in his case during that latter period, which far exceeded the 90-day deadline usually afforded movants to file for reopening, the BIA did not abuse its discretion in concluding that he did not act diligently in pursuing reopening based on ineffective assistance. *Id.* (providing that "petitioner bears the burden of proving

4

that he has exercised due diligence in the period between discovering the ineffectiveness of his representation and filing the motion").

Ni's failure to act diligently was dispositive of his motion to reopen based on ineffective assistance, and thus we do not consider the agency's alternative dispositive finding that he failed to establish that he was prejudiced by counsel's representation. *See Cekic*, 435 F.3d at 170; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5